**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| DAVID BIRKS, *et al.* <br><br> *Individually and on behalf of similarly situated persons* <br><br> Plaintiffs <br><br> v. <br><br> SMALL COMMUNITY SPECIALISTS, L.L.C., *et al.* <br><br> Defendants | : | Case No.: 8:23-cv-00837-BAH |

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs David Birks and Michael Federman, individually and on behalf of the proposed Settlement Class, seek final approval of a proposed Settlement of claims against Defendants Small Community Specialists, L.L.C., Associations, Inc., and HOAM Ventures, Inc. For the reasons set forth herein, the Court GRANTS the motion.

## I. BACKGROUND

Plaintiffs commenced this action on February 14, 2023, by filing a lawsuit in the Circuit Court for Montgomery County, Maryland, Case No. C-15-CV-23-000495, alleging Defendants violated the Maryland Consumer Debt Collection Act (MCDCA), Maryland Consumer Protection Act (MCPA), and state common law causes of action by charging and collecting additional processing fees when homeowners paid their monthly homeowner's association and/or condominium association dues and assessments online through an application called "TownSq" ("Convenience Fees"). Defendants removed this case to this Court on March 27, 2023. [ECF No. 1].

The claims are based on the allegation that Defendants charged and collected millions of dollars in Convenience Fees from homeowners, in addition to their regular monthly dues payments, and that this practice violates Maryland law. Defendants deny the allegations in the Complaint and deny their actions were in any way unlawful.

Plaintiffs' counsel and Defendants' counsel had at least four (4) conferences where the discovery and the Parties' respective positions on the merits and damages were discussed. The proposed Settlement was negotiated during a day-long mediation before an experienced mediator and retired Magistrate Judge with this Court, the Honorable William G. Connelly (ret.) of JAMS, Inc. In advance of that mediation, the parties participated in two mediation conferences with the Fourth Circuit Mediator, and Defendants provided Plaintiffs with substantial data demonstrating the size of the Settlement Class and the amount of the total Convenience Fees collected by Defendants from the Settlement Class during the Settlement Class Period. Following the mediation, the Parties continued to negotiate the details of the Settlement before arriving at the Settlement Agreement currently before the Court.

On July 11, 2024, this Court granted preliminary approval of the proposed settlement and approved the issuance of notice to the Settlement Class. [ECF No. 27]. A hearing on final approval was held on December 10, 2024.

## II. SETTLEMENT TERMS

### A. The Proposed Settlement Class

The Settlement Agreement contemplates certification of the following Settlement Class for settlement purposes only:

> All Maryland consumers who paid a fee to Defendants for making a homeowner's association or condominium association dues or assessment payment using the TownSq app between February 14, 2020 through July 3, 2024.

**B. Benefits to the Settlement Class**

The Settlement Agreement, if approved, will create a $600,000.00 common fund and will resolve the claims of Plaintiffs and the Settlement Class Members deriving from Defendants' practice of charging fees for making payments using the TownSq website ("Convenience Fees"). The Gross Settlement Fund, which represents approximately 26% of the total Convenience Fees collected by Defendants from the Settlement Class during the Settlement Class Period, will provide cash payments to Settlement Class Members, as well as Settlement Administrative Costs to provide notice and administer the Settlement, and any Fee and Expense Award and Service Awards that the Court may approve. Settlement Class Members need not submit a claim form in order to receive monetary compensation. Settlement Class Members who paid at least one Convenience Fee are entitled to receive a payment of $2.95 from the Net Settlement Fund, with the remainder paid to Settlement Class Members on a *pro rata* basis, based upon the amount of Convenience Fees paid by each Settlement Class Member during the Settlement Class Period. If the amount of remaining funds is so minimal that a secondary distribution would be impracticable or infeasible, then the remaining funds shall be distributed to the *Cy Pres* Recipient. Any funds remaining following a secondary distribution shall be distributed to the *Cy Pres* Recipient.

In addition to the Gross Settlement Fund, the Settlement includes important and valuable injunctive relief requiring Defendants to ensure that (1) all entities owned by Defendants that communicate directly with Maryland consumers regarding payment of their homeowner's association and condominium associations fees and assessments are licensed under the Maryland Collection Agency Licensing Act, and (2) send notices, twice per year for a period of three years after the Effective Date of the Settlement Agreement, in substantially the same form as provided in **Exhibit D to the Settlement Agreement**, to Maryland homeowner's association and

condominium association members who reside in communities that offer the TownSq application, informing them of available free payment methods for making payments as an alternative to using the TownSq application.

**C. Settlement Administrator and Administration Costs**

The proposed Settlement Administrator is Epiq, a leading class action administration firm in the United States. Plaintiffs' counsel obtained and reviewed proposals from several prominent settlement administrators before deciding on Epiq based on overall cost and value to the Settlement Class. The Settlement Administrative Costs will be paid from the Gross Settlement Fund.

**D. Class Member Release**

Upon the Effective Date, and in consideration for the Settlement Payment and for Defendants' other promises contained herein, Class Representatives and each Settlement Class Member, for and on behalf of their present and future spouses (and common law spouses), children, parents, relations, successors, beneficiaries, heirs, next of kin, assigns, attorneys, executors, administrators, and/or estate, or any and all persons who could claim through them, will be deemed to have, and by operation of the Judgment hereby fully, finally, forever, unconditionally and irrevocably remises, releases, and forever discharges the Released Entities from the Released Claims and further covenants not to sue any of the Released Entities with respect to any of the Released Claims.

"Released Claims" means any and all claims, counterclaim, actions, causes of action, suits, set-offs, costs, losses, expenses, sums of money, accounts, reckonings, debts, charges, complaints, controversies, disputes, damages, judgments, executions, promises, omissions, duties, agreements, rights, and any and all demands, obligations, and liabilities, and attorneys' fees of whatever nature, kind, or character whatsoever, whether based on any federal law, state law, common law, territorial

law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, direct or indirect, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, of every nature and description whatsoever, without regard to subsequent discovery or existence of other, different, or additional facts as those currently known to the Class Representatives and Settlement Class Members, as of the date of execution of the Settlement Agreement, that arise out of or relate in any way to the Released Entities' charging, collection, or attempted collection of the Convenience Fees or regarding the Defendants' licensure under the Maryland Collection Agency Licensing Act. This release expressly includes, but is not limited to, all claims under the Maryland Consumer Debt Collection Practices Act (MCDCA), Md. Code, Comm. Law, § 14-201, et seq., the Maryland Collection Agency Licensing Act (MCALA), Md. Code, Bus. Reg. § 7-101 et seq., the Maryland Consumer Protection Act (MCPA), Md. Code, Comm. Law, § 13-301 et seq., any corollary or Maryland state laws similar to the MCDCA, MCALA, and MCPA, or enactment of any other statutory, regulatory or common law claim arising thereunder.

"Released Entities" means SCS, Associa, and HOAM, and each of their past, present, and future members, directors, officers (whether acting in such capacity or individually), shareholders, advisors, owners, partners, joint venturers, principals, trustees, creditors, law firms, attorneys, representatives, employees, managers, direct or indirect parents, direct or indirect subsidiaries, holding companies, divisions, subdivisions, departments, entities in common control, affiliates, insurers, reinsurers, control persons, predecessors, and successors or any agent acting or purporting to act for them or on their behalf, as well as any homeowners association or condominium association on whose behalf Defendants manage and/or collect dues, and each of their past,

present, and future directors, officers (whether acting in such capacity or individually), shareholders, advisors, owners, partners, joint venturers, principals, trustees, creditors, law firms, attorneys, representatives, employees, managers, parents, direct or indirect subsidiaries, divisions, subdivisions, departments, entities in common control, affiliates, insurers, reinsurers, control persons, predecessors, and successors or any agent acting or purporting to act for them or on their behalf, and, any entity on whose behalf Defendants service and/or manage any dues payments to any Class Member.

**E. Notice to the Settlement Class**

Notice was sent to the Settlement Class Members pursuant to the Settlement Agreement and the Court's Order granting preliminary approval. The Class Notice consisted of direct notice in the form of Postcard Notice and Email Notice, as well as a Settlement Website where Class Members may view and download a Long Form Notice, and a toll-free telephone number. The Class Notice adequately described the Action, the Settlement Agreement, and the procedures to opt out and object. The Class Notice further explained the amount of the Settlement, the Plan of Allocation, and Class Counsel's intent to apply for an award of attorneys' fees and expenses and for Class Representatives' Services Awards. Notice was also provided to state and federal officers as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

**F. Attorneys' Fees and Costs and Service Award**

The Settlement Agreement contemplates Class Counsel petitioning the Court for an award of attorneys' fees, plus documented, customary costs incurred by Class Counsel. The Settlement Agreement provides that Class Counsel may seek attorneys' fees and expenses in an amount not to exceed forty percent of the Gross Settlement Fund (40%). Any approved Fee and Expense Award will be paid from the Gross Settlement Fund prior to distribution to Settlement Class

Members. The Settlement Agreement also authorizes Class Counsel to petition the Court for Service Awards of up to $5,000.00 each for David Birks and Michael Federman as compensation for their time and effort in the Action. Any approved awards will be deducted from the Gross Settlement Fund before distribution to Settlement Class Members.

Neither final approval, nor the size of the Gross Settlement Fund, are contingent upon approval of the full amount of requested Fee and Expense Award or Service Awards.

## III. LEGAL STANDARD FOR FINAL APPROVAL

Settlement of class actions must be approved by the Court. Fed. R. Civ. P. 23(e); *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991); *Whitaker v. Navy Fed. Credit Union*, No. 09CV2288, 2010 WL 3928616, at *2 (D. Md. Oct. 4, 2010); *McDaniels v. Westlake Servs., LLC*, No. CIV.A. ELH-11-1837, 2014 WL 556288, at *8 (D. Md. Feb. 7, 2014).

As of December 1, 2018, Rule 23(e) provides specific guidance to federal courts in considering whether to grant final approval of a class action settlement. The Rule 23(e)(2) final approval factors include whether: (A) the class representative and class counsel have adequately represented the class; (B) the proposal was negotiated at an arm's length; (C) the relief provided is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3);[1] and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

Before 2018, to determine whether a settlement met the requirements of Rule 23 and warranted final approval, the Fourth Circuit adopted a bifurcated analysis involving inquiries into

[1] The Settlement Agreement is the only relevant agreement here.

the fairness and adequacy of the settlement, which is still utilized today. *Scardelletti*, 43 F. App'x at 528; *In re Jiffy Lube Sec. Litig.*, 927 F.2d at 158; *Donaldson v. Primary Residential Mortg., Inc.*, No. CV ELH-19-1175, 2021 WL 2187013, at *3–4 (D. Md. May 28, 2021) (citing Rule 23(e)(2) factors and *Jiffy Lube* factors in assessing final approval).

In assessing the fairness of a proposed settlement, the Court looks to the following Fourth Circuit factors: (1) posture of the case at the time the settlement is proposed; (2) extent of discovery that has been conducted; (3) circumstances surrounding the negotiations; and (4) experience of counsel in the relevant area of class action litigation. *Scardelletti*, 43 F. App'x at 528; *In re Jiffy Lube Sec. Litig.*, 927 F.2d at 159; *Robinson v. Nationstar Mortg. LLC*, No. 8:14-CV-03667-TJS, 2020 WL 8256177, at *2 (D. Md. Dec. 11, 2020), *aff'd sub nom. McAdams v. Robinson*, 26 F.4th 149 (4th Cir. 2022).

In determining the adequacy of the proposed settlement, the Fourth Circuit factors instruct the Court to consider: (1) the relative strength of plaintiff's case on the merits; (2) existence of any difficulties of proof or strong defenses plaintiff is likely to encounter if the case proceeds to trial; (3) anticipated duration and expense of additional litigation; (4) solvency of defendant and likelihood of recovery of a litigated judgment; and (5) degree of opposition to the settlement. *Scardelletti*, 43 F. App'x at 528; *In re Jiffy Lube Sec. Litig.*, 927 F.2d at 159; *Robinson v. Nationstar Mortg. LLC*, 2020 WL 8256177, at *2. Many of these factors overlap with the Rule 23(e) factors cited above.[2]

## IV. FINDINGS AND ORDER

The Court finds that the Settlement Agreement is fair, reasonable, and adequate and

[2] The Fourth Circuit has recognized that the "factors for assessing class-action settlements almost completely overlap with the new Rule 23(e)(2) factors." *In re: Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 952 F.3d 471, 484 n.8 (4th Cir. 2020).

warrants final approval under the applicable Rule 23 and Fourth Circuit factors.

1. With respect to the adequacy and experience of counsel, Class Counsel and Defendants' Counsel are experienced litigators. Moreover, it appears to the Court that the Class Representatives and Class Counsel have adequately represented the proposed Settlement Class. Class Counsel are experienced and sophisticated, with years of experience in complex class action litigation and litigation involving consumer protection statutes, financial institutions, collection agencies, and collection fees. The Class Representatives have also supervised the litigation by reviewing pleadings, reviewing the Settlement, and communicating with Class Counsel regarding the litigation. Rule 23(e)(2)(A) and the fourth fairness factor are satisfied.

2. The Court finds that the Settlement was negotiated at arm's length before an experienced mediator and between experienced and sophisticated counsel. Counsel for the settling Parties vigorously contested a motion to dismiss in a related case,[3] were counsel in an appeal before the Fourth Circuit, and engaged in formal settlement mediation with the assistance of a professional mediator. "These adversarial encounters dispel any apprehension of collusion between the parties." *In re NeuStar, Inc. Sec. Litig.*, No. 1:14–CV–885(JCC/TRJ), 2015 WL 5674798, at *10 (E.D. Va. Sept. 23, 2015). The Settlement was negotiated with the assistance of The Honorable William G. Connelly (ret) of JAMS, Inc., an experienced mediator and former Magistrate Judge with this Court, after extensive litigation, that enabled each side to assess the strengths and weaknesses of their claims. Further, the Parties did not discuss attorneys' fees or a Service Award until after agreeing upon the material terms of the Settlement. The Settlement satisfies Rule 23(e)(2)(B), and the third *Jiffy Lube* fairness factor.

[3] *Pollin v. Community Management Corporation*, Case No. 1:22-cv-01700 (D. Md.), *appeal to Fourth Circuit dismissed*, Case No. 23-2028 (4th Cir. 2023).

3. As to the posture of the case, it appears that the Settlement was reached after significant work was performed in this case and the *Pollin* matter, including motions practice with respect to a motion to dismiss, as well as an appeal before the Fourth Circuit. Although the Parties did not engage in formal discovery, it appears Defendants provided substantial informal discovery to allow Class Counsel to intelligently evaluate the Settlement offered against the risks and benefits of continued litigation. The provision of informal damages discovery is sufficient to satisfy the fairness factor. *In re Jiffy Lube*, 927 F.2d at 159 (recognizing that informal discovery can provide satisfactory information prior to preliminary approval). Thus, the first two fairness factors are met: the case was sufficiently advanced, and sufficient discovery was completed.

4. With regard to the adequacy of the Settlement, Rule 23(e)(2)(C)(i), and the first two *Jiffy Lube* adequacy factors focus on the relief provided, in light of (1) the strength of the plaintiffs' case on the merits, and (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial. *In re Jiffy Lube Sec. Litig.*, 927 F.2d at 159; Rule 23(e)(2)(C)(i) (requiring evaluation of the relief provided taking into account the costs and risks of trial and appeal). These factors weigh "how much the class sacrifices in settling a potentially strong case in light of how much the class gains in avoiding the uncertainty of a potentially difficult one." *In re The Mills Corp. Securities Litig.*, 265 F.R.D. 246, 256 (E.D. Va. 2009). The relief provided by the Settlement is fair, reasonable, and adequate when balanced against the probable outcome of further litigation, liability, and damages issues, and potential appeals of rulings. The amount offered in Settlement represents approximately 26% of the total Convenience Fees collected by Defendants from the Settlement Class during the Settlement Class Period, and the Settlement provides significant injunctive relief as well.

There are numerous factual and legal issues in dispute, some of which were found favorable

to Defendants in this Court's granting of a Motion to Dismiss in *Pollin*. The legal issues central to this case are uncertain and pose a substantial risk to each side in the continued prosecution of the class action lawsuit.

5. Rule 23(e)(2)(C)(i) and *Jiffy Lube* adequacy factor three require the Court to consider the likely duration and expense of continued litigation. While litigation presents serious risks at many stages, not to mention substantial expense and delay without any guarantee of additional benefit to the Settlement Class, the Settlement provides immediate and substantial benefits to over 29,000 Class Members.

6. Defendants appear to be solvent, so the fourth *Jiffy Lube* adequacy factor is neutral.

7. The fifth *Jiffy Lube* adequacy factor—the degree of opposition to the settlement—also weighs in favor of final approval. Of the around over 29,000 Settlement Class Members, none requested to opt-out of the Settlement, and none submitted an objection to the Settlement. "A small number of objections and a low opt-out rate suggest that the proposed settlement is adequate." *In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg. Sales Pracs.*, 2018 WL 11203065, at *6 (E.D. Va. Oct. 9, 2018), *aff'd sub nom. In re: Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 952 F.3d 471 (4th Cir. 2020).

8. Finally, it appears to the Court that the Parties' proposed allocation of the Settlement is fair and reasonable. Settlement Class Members who paid at least one Convenience Fee are entitled to receive a payment of $2.95 from the Net Settlement Fund, with the remainder paid to Settlement Class Members on a *pro rata* basis, based upon the amount of Convenience Fees paid by each Settlement Class Member during the Settlement Class Period. According to this allocation, Settlement Class Members are treated fairly as to one another because they are

compensated according to the amount of Convenience Fees they were charged. *See* Fed. R. Civ. P. 23(e)(2)(D). This method is consistent with the distribution of common funds in other fee cases. *See, e.g., Alexander v. Carrington Mortgage Services, LLC*, Case No. 1:20-cv-02369 (D. Md.). A *pro rata* distribution means that Settlement Class Members who paid more Convenience Fees will receive a relatively larger share of the Net Settlement Fund, and those who paid fewer Convenience Fees will receive less. This allocation treats Settlement Class Members equitably.

9. The Court finds that the amount of attorneys' fees requested by Class Counsel, 39.35% of the Gross Settlement Fund, to be reasonable and aligns with other class actions where Maryland courts have awarded attorneys' fees. *See, e.g., Alexander, supra*. *See also Dickman v. Banner Life Ins. Co.*, No. 1:16-CV-00192-RDB, 2020 WL 13094954, at *5 (D. Md. May 20, 2020), *aff'd sub nom. 1988 Tr. for Allen Child. Dated 8/8/88 v. Banner Life Ins. Co*., 28 F.4th 513 (4th Cir. 2022) (awarding fees of 39.5% of common fund); *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 685 (D. Md. 2013) (citing cases, noting that courts award fees ranging from 15 to 40% in settlements under $100 million).

10. The Court also notes that in addition to the Gross Settlement Fund, the Settlement includes injunctive relief that, when taken into account, is an additional benefit to the Settlement Class.

11. Class Counsel is entitled to reimbursement of reasonable out-of-pocket litigation expenses. Fed. R. Civ. P. 23(h). "It is well-established that plaintiffs who are entitled to recover attorneys' fees are also entitled to recover reasonable litigation-related expenses as part of their overall award." *Kabore v. Anchor Staffing, Inc.*, No. L–10–3204, 2012 WL 5077636, at *10 (D. Md. Oct. 17, 2012). The Fourth Circuit has stated that such costs may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client,

in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988) (internal quotations omitted). Here, Class Counsel seeks reimbursement of $3,840.63 in litigation expenses, which includes their share of the cost of a private mediator. They have provided records that document their claim. *See* [ECF No. 28-4] (Declaration of Joshua I. Bienstock at ¶ 20). The Court therefore finds that these submissions support an award of $3,840.63 in costs.

12. Service Awards are routinely made to class representatives in Rule 23 class actions. *See, e.g., In re Tyson Foods, Inc.*, No. RDB–08–1982, 2010 WL 1924012, at *4 (D. Md. May 11, 2010). "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). To determine whether an incentive payment is warranted, a court should consider "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Id.* Here, the Class Representatives came forward to represent the interests of thousands of others, with very little personally to gain, as their individual alleged damages were very small. Class Representatives participated in the litigation by reviewing the complaint and other filings. Thus, the Court approves a $5,000.00 award each to David Birks and Michael Federman.

13. The Court confirms the certification for settlement purposes of the Settlement Class for the reasons stated in the preliminary approval Order, none of which have changed.

14. The Court confirms the appointment of David Birks and Michael Federman as Class Representatives.

15. The Court confirms the appointment of Joshua I. Bienstock, Esq. and Bradley T. Canter, Esq. as Class Counsel.

16. The Court finds that the approved Class Notice constituted the best notice practicable under the circumstances and was in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Class Notice fully and accurately informed the Settlement Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. The Court also finds that the Class Notice complied with the Class Action Fairness Act, 28 U.S.C. § 1715.

17. There are no timely objections to the Settlement.

18. No Settlement Class Member requested exclusion from the Settlement.

19. The Court confirms the *cy pres* recipient as Maryland Affordable Housing Coalition.

20. All Settlement Class Members who did not timely request exclusion are hereby bound by the terms of the Settlement Agreement, including the release.

Accordingly, the Court having considered the Motion for Final Approval of Class Action Settlement, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**;

2. The proposed Settlement is approved as being fair, reasonable, and adequate pursuant to Rule 23(e);

3. David Birks and Michael Federman are confirmed as Class Representatives;

4. Joshua I. Bienstock, Esq. and Bradley T. Canter, Esq. are confirmed as Class Counsel;

5. The Court awards $236,159.37 in attorneys' fees and $3,840.63 in reimbursed costs to Class Counsel;

6. The Court approves $5,000.00 Service Awards each to David Birks and Michael Federman;

7. Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues related to interpretation, administration, implementation, effectuation, and enforcement of the Settlement;

8. Based on the foregoing, the Court sets the following schedule:

| | |
|---|---|
| Settlement Effective Date | **December 10, 2024** |
| Settlement Administrator shall calculate the Net Settlement Fund | **December 24, 2024** |
| Settlement Administrator shall pay by wire any Fee and Expense Award and Service Awards approved by Court | **January 9, 2025** |
| Settlement Administrator shall send Class Counsel final list of each Settlement Class Member, their percentage of the Net Settlement Fund, and their payment amount | **December 24, 2024** |
| Settlement Administrator shall effectuate payments for Settlement Class Members who selected digital payment option and mail checks to Settlement Class Members who did not select the digital payment option | **January 9, 2025** |
| Settlement Administrator shall void individual, uncashed checks | **March 10, 2025** |
| Settlement Administrator shall effectuate a secondary distribution or administer remaining funds to Maryland Affordable Housing Coalition | **June 8, 2025** |

9. This Action is **DISMISSED WITH PREJUDICE**,

**IT IS SO ORDERED.**

Date: December 10, 2024

/s/
Hon. Brendan A. Hurson
United States District Judge